UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **NOXGEAR, LLC (d/b/a "Noxgear")** : | **CASE NO. 2:23-cv-3813** |
| **Plaintiff** : | |
| : | **JUDGE T.B.D.** |
| **v.** : | |
| : | **MAGISTRATE JUDGE T.B.D.** |
| **E-FILLIATE, INC. (d/b/a "E-Filliate")** : | **JURY TRIAL DEMANDED** |
| **Defendant** : | |

## COMPLAINT

This case involves patent infringement under the U.S. Patent Act. Noxgear, LLC, d/b/a "Noxgear," (hereinafter "Plaintiff" or "Noxgear"), files this Complaint to recover damages and for a Preliminary Injunction against Defendant E-Filliate, Inc. d/b/a E-Filliate, (hereinafter "Defendant" or "E-Filliate") to obtain legal and equitable relief for E-Filliate's infringement of Noxgear's intellectual property rights as further set forth herein. Plaintiff, by and through its attorney, for its Complaint against Defendant, alleges as follows (on knowledge of Plaintiff; otherwise upon information and belief):

### THE PARTIES

1. Noxgear, LLC is an Ohio limited liability company having its principal place of business at 966 Proprietors Road, Worthington, Ohio. 43085.

2. E-Filliate, Inc. is a corporation having a principal place of business at 11321 White Rock Rd, Rancho Cordova, CA 95742.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising out of Defendants' unauthorized making, importing, using, offering for sale, and selling of a magnetic, clip-on, speaker that violates U.S. Patent No. 11,812,242 owned by Noxgear, LLC.

4. Because this action for infringement arises under the patent laws of the United States, 35 U.S.C. § 271, et seq., this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. The Court has personal jurisdiction over the Defendant because, inter alia, it: (1) transacts business in this state; and (2) engages in infringing conduct in this state, and/or induces others to engage in infringing conduct in this state.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1400 because Defendant has committed acts of infringement in this judicial district.

## BACKGROUND

7. For more than 11 years, Noxgear has been an innovator in apparel, safety devices and other accessories to be used by runners. Noxgear has expended considerable resources to develop, market and protect its products which are available worldwide and in numerous retail and online locations.

8. On November 7, 2023, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 11,812,242 (the "'242 Patent"), entitled "Electronic Device with Multiple Modes of Attachment" following a full and fair examination. The '242 Patent is attached hereto as Exhibit A.

9. Plaintiff is the Assignee of the '242 Patent, having all right, title and interest in and to the '242 Patent, including the right to recover for past infringement.

## THE DEFENDANTS' INFRINGEMENT OF THE NOXGEAR INTELLECTUAL PROPERTY

10. Defendant is in the business of manufacturing and selling tools and other small electronic devices.

11. Defendant sells its goods at least through the Amazon online marketplace.

12. Defendant has offered for sale and sold a "Wearable Bluetooth Speaker" which includes a magnetic clip covered by the '242 Patent (hereafter, the "Accused Device").

13. As of November 10, 2023, Defendants maintained an Amazon listing for the Accused Device. The November 10, 2023 Amazon listing is attached hereto as Exhibit B.

14. According to the Amazon listing, Defendant sold more than 3,000 units of the Accused Device between October 11, 2023 and November 10, 2023.

15. A preliminary, non-limiting claim chart comparing the '242 Patent claims to the Accused Device is attached hereto as Exhibit C (the "Claim Chart").

16. The Claim Chart shows the claim elements of independent claims 1, 4, 12, 17, and 18 (the "Asserted Claims") of the '242 Patent using photographs of the Accused Device in a disassembled state.

17. As shown by the Claim Chart, the Accused Device includes every element of the Asserted Claims.

18. Contemporaneously with the filing of this Complaint, Plaintiff sent a cease and desist letter including a copy of this Complaint and all exhibits (the "Cease and Desist Letter") to Defendant and Defendant's registered agent. A copy of the Cease and Desist letter is attached hereto as Exhibit D.

## COUNT I
## INFRINGEMENT OF THE '449 PATENT UNDER 35 U.S.C. § 271

19. Plaintiff incorporates by reference each and every allegation contained in every prior paragraph as if fully rewritten herein.

20. The '242 Patent is valid and enforceable.

21. Since at least the date that Defendant received the Cease and Desist Letter, Defendant has had notice of the '242 Patent and Noxgear's infringement allegations relating thereto.

22. In violation of 35 U.S.C. § 271, Defendant has directly infringed each of the Asserted Claims of the '242 Patent at least by importing, making, offering for sale and/or selling the Accused Device.

23. The Claim Chart depicts and describes how the Accused Device meets each and every claim limitation of at least the Asserted Claims.

24. Noxgear reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by information contained in the Claim Chart of Exhibit C.

25. The Claim Chart is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure and the plausibility pleading standard. The Claim Chart does not represent Noxgear's preliminary or final infringement contentions or preliminary or final claim construction positions.

26. Defendant's infringement has been and continues to be willful and deliberate.

27. As a direct and proximate result of Defendant's direct infringement of the '242 Patent, Plaintiff has been and continues to be damaged, including irreparable harm for which

Noxgear has no adequate remedy at law, unless Defendant's is enjoined from continued infringement of the '242 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief against Defendant:

A. Judgment that Defendant has infringed the Plaintiff's '242 Patent;

B. An order preliminarily and permanently enjoining Defendant and its officers, directors, agents, employees, affiliates, successors, and all persons in privity or active concert or participation with Defendant, directly or indirectly, from infringing the '242 Patent;

C. A Judgment and award in favor of Plaintiff requiring that Defendant accounts for and pays to Noxgear damages adequate to compensate for Defendants' infringement of the '242 Patent, including lost profits but in no event less than a reasonable royalty for the '242 Patent;

D. A judgment and award of any supplemental damages sustained by Noxgear for any continuing post-verdict infringement of the '242 Patent until entry of final judgment with an accounting as needed;

E. A finding that Defendants' infringement is willful and an award of increased damages for willful infringement pursuant to 35 U.S.C. §284;

F. An order finding that this case is exceptional under 35 U.S.C. §285 and awarding Noxgear its costs, expenses, and disbursements incurred in this action, including reasonable attorneys' fees as available by law to be paid by Defendants;

G. An award of pre-judgment interest, post-judgment interest, and costs in this action;

H. Such other and additional relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury as to all issues so triable.

Dated: November 10, 2023　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　/s/Robert R. Lech, Esq.
　　　　　　　　　　　　　　　　　　Robert R. Lech, Esq. (0073078)
　　　　　　　　　　　　　　　　　　Lech Law, LLC
　　　　　　　　　　　　　　　　　　PO Box 3473
　　　　　　　　　　　　　　　　　　Dublin, OH 43016
　　　　　　　　　　　　　　　　　　Tel. (614) 530-1284
　　　　　　　　　　　　　　　　　　E/M: rrlech@lechlaw.com

　　　　　　　　　　　　　　　　　　*Attorney for Plaintiff Noxgear, LLC*